UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SENTRY INSURANCE A MUTUAL COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>JAMES J. MORGAN d/b/a MORGAN & SON RACING ENGINES,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§  Civil Action No. 3:22-CV-1185-X<br>§<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER**

Sentry Insurance a Mutual Insurance Company ("Sentry") provided coverage for two of James Morgan's properties. After a storm damaged those properties, the parties disagreed on the amount of the loss. Accordingly, Sentry sued to seek judicial appointment of an umpire—a neutral third party—to resolve that dispute. Morgan now moves to dismiss for lack of subject-matter jurisdiction, citing an inadequate amount in controversy. [Doc. 15]. For the reasons below, the Court **GRANTS** the motion and **DISMISSES WITHOUT PREJUDICE** Sentry's claims.

### I. Factual Background

On December 7, 2020, a storm substantially damaged two of Morgan's properties in Grand Prairie, Texas.[1] Sentry insured those two properties. After inspecting the properties, Sentry paid Morgan $61,026.93. On August 25, 2022,

---

[1] As it must, the Court presents the facts as alleged in Plaintiff's complaint.

1

Morgan sent a letter to Sentry demanding an additional $349,657.22. But Sentry didn't agree to pay that amount.

Instead, the parties resorted to their contract. Their contract stated that if the parties couldn't "[]agree on the amount of loss, either may make written demand for an appraisal of the loss."[2] So that's what Morgan did. And when one party demands an appraisal, the contract specifies that "each party will select a competent and impartial appraiser and notify the other of the appraiser selected."[3] Accordingly, Morgan named Fred Lupfer as his appraiser, and Sentry named Brett Lochridge as its appraiser. So far, the parties had tracked the contract swimmingly.

But that's where things broke down. The contract next required "[t]he two appraisers [to] select an umpire."[4] In the event that the dueling appraisers "cannot agree within 15 days upon such umpire, either may request that selection be made by a judge of a court having jurisdiction."[5] Here, the appraisers couldn't agree upon an umpire within 15 days. But apparently neither appraiser requested that a judge pick an umpire.

That left the parties in contractual limbo. The appraisers couldn't agree on an umpire. And yet no new "appraisal has [] been completed" by either appraiser.[6]

---

[2] Doc. 9 at 3.

[3] *Id.*

[4] *Id.*

[5] *Id.* Based on this language, Morgan claims that only the appraisers—and not Sentry—can sue to appoint an umpire. Because his argument doesn't clarify whether that's a standing issue or a defect in Sentry's prima facie case, the Court declines to reach that argument.

[6] *Id.* at 3.

Accordingly, Sentry short-circuited the process by filing the instant suit, asking the Court to appoint an umpire. Morgan now moves to dismiss.

## II. Legal Standard

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[7] "[D]istrict courts [] have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[8] "The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."[9]

## III. Analysis

Morgan asserts that the Court lacks diversity jurisdiction because Sentry hasn't pled an amount in controversy greater than $75,000. Calculating the amount in controversy in this case is tricky because Sentry only asks the Court to "appoint a competent and impartial umpire"—it doesn't seek damages.[10] But that doesn't mean Sentry is out of luck. When an action is for "declaratory or injunctive relief" only,

---

[7] FED. R. CIV. P. 12(h)(3).

[8] 28 U.S.C. § 1332(a)(1). Morgan doesn't contest that the parties are diverse.

[9] *Church Mut. Ins. Co. v. Household of Faith Church*, No. 06-3839, 2007 WL 1537629, at *1 (E.D. La. May 23, 2007). Some courts have erroneously claimed that a court can dismiss for failure to plead a sufficient amount in controversy only if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Ear, Nose & Throat Consultants of N. Miss., PLLC v. State Auto Ins.*, No. 3:05-CV-18-B-B, 2006 WL 1071834, at *1 (N.D. Miss. Apr. 21, 2006) (cleaned up). But that rule doesn't apply here. The Fifth Circuit has made clear that "this legal certainty test . . . is inapplicable [] when the plaintiff has alleged an indeterminate amount of damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (cleaned up).

[10] Doc. 9 at 4.

3

"[t]he amount in controversy . . . is the value of the right to be protected or the extent of the injury to be prevented."[11]

Here, the contractual "right to be protected" is the right to have an umpire examine the "differences" between two appraisers' estimates and reach a "decision" in accord with one of the appraisers as to the amount of loss.[12] Accordingly, the value of the right to be protected is the difference between the appraisers' estimates. But Sentry doesn't provide those estimates because neither "appraisal has [] been completed."[13] Sans such estimates, the Court cannot determine the difference between the two estimates and therefore cannot determine the value of the contractual right to be protected. Thus, Sentry fails to allege facts from which the Court can infer that the amount in controversy exceeds $75,000 and thus fails to show that the Court has subject-matter jurisdiction over its claim.[14]

Sentry lodges one counterargument. Although the Fifth Circuit hasn't addressed the amount-in-controversy requirement in *umpire*-appointment cases, it has determined that the amount in controversy in *arbitrator*-appointment cases is "the amount of the underlying claim."[15] Despite the Fifth Circuit's warning that

---

[11] *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996) (cleaned up).

[12] Doc. 9 at 3.

[13] *Id.*

[14] Sentry is not entirely out of luck. Sentry may still be able to sue in state court to obtain a declaratory judgment concerning an umpire. But Sentry cannot do so in federal court without providing proof that the appraisal delta exceeds $75,000.

[15] *Webb*, 89 F.3d at 256 ("[T]he amount in controversy . . . is the amount of the potential award in the underlying arbitration proceeding."); *see, e.g.*, *Ear, Nose & Throat*, 2006 WL 1071834, at *2 ("[T]he court finds that the amount in controversy is determinable through the logic set forth in . . .

4

"[i]nsurance appraisals are generally distinguished from arbitrations,"[16] some courts—tellingly, sans any substantial analysis—have decided that, like arbitrator-appointment suits, "the underlying dispute [in umpire-appointment cases] determine[s] the value of the amount in controversy."[17]  Because Morgan has demanded $349,657.22, Sentry contends that the "underlying dispute" involves significantly more than $75,000.[18]  That flimsy rationale falters for two reasons.

First, arbitration "encompass[es] the entire controversy between parties."[19] Here's why that matters for the amount in controversy: Arbitration necessarily involves an underlying "dispute."[20]  When that underlying dispute involves liability, arbitration necessarily involves a "difference"—which the Court refers to as a "delta"—between what the defendant wants to pay and what the plaintiff wants to be paid, and the arbitrator gets to pick a number in the parties' delta.[21]  In sum, because arbitration resolves "the entire controversy between parties" by the arbitrator's

---

*Webb* . . . . [T]he court looks to the underlying dispute to determine the value of the amount in controversy[.]").

[16] *Hartford Lloyd's Ins. Co. v. Teachworth*, 898 F.2d 1058, 1061–62 (5th Cir. 1990).

[17] *Ear, Nose & Throat*, 2006 WL 1071834, at *2.

[18] Doc. 18 at 7; *see also* Doc. 9 at 2 (contending that Morgan's demanded $349,657.22 is the "amount . . . in dispute" for this claim).

[19] *Hartford*, 898 F.2d at 1061–62; *see also Mi Realty, LLC v. Atl. Casulaty Ins. Co.*, No. 3:21-CV-00368-L, 2022 WL 705861, at *3 (N.D. Tex. Mar. 8, 2022) (Lindsay, J.) (distinguishing *Webb* because "the appointment of an arbitrator, who is expected to preside over an arbitration, is distinct from the appointment of an umpire, who is tasked only with determining the amount of a loss, which the parties still may legally object").

[20] *Webb*, 89 F.3d at 258 (requiring courts to determine "whether the **dispute** in question falls within the scope of that arbitration agreement" (emphasis added)).

[21] *See, e.g.*, *id.* at 257 n.1 ("[T]he difference to the Webbs between winning and losing the underlying arbitration will be $75,000[.]").

5

decision about the parties' delta, it makes sense for a court to use that delta to ascertain the amount in controversy.[22]

Not so with an umpire. An umpire's decision concerning "appraisal determines only the amount of loss"—not "whether the insurer is liable under the policy."[23] Here, for instance, the parties' contract specifies that the umpire picks not between the ***parties'*** two numbers—$0 for Sentry and $349,657.22 for Morgan—but instead between the ***appraisers'*** two numbers—whatever those might be. Because the umpire operates in the ***appraisers'*** delta, it makes little sense to assess the amount in controversy in an umpire-appointment suit by using the ***parties'*** delta.

Second, in arbitrator-appointment cases, the "eventual dispute is [] the basis of the action before the court."[24] Unsurprisingly, then, when a party seeks arbitration, the parties can readily point to the amount in controversy in the underlying dispute.[25] Not so with an umpire. When a party seeks umpire appointment, the "eventual dispute is not the basis of the action before the court."[26]

Here, for instance, the eventual dispute is embryonic at best. To develop the dispute, the appraisers must complete their initial estimates.[27] If those estimates

---

[22] *Hartford*, 898 F.2d at 1061–62.

[23] *Id.* at 1062.

[24] *Mi Realty*, 2022 WL 705861, at *3.

[25] *See, e.g.*, *Webb*, 89 F.3d at 255 (specifying that a company had a "debit balance of [] $75,000" and contended that its adversary was "contractually obligated to indemnify it for [that] loss").

[26] *Mi Realty*, 2022 WL 705861, at *3.

[27] Doc. 9 at 3.

6

don't match, then the appraisers must "submit their differences to the umpire."[28] Once the umpire renders a decision, Sentry must decide whether "to deny the claim."[29] Lastly, Morgan must decide whether "to bring a legal action against [Sentry]."[30]

Importantly, many of those steps could derail the amount of the underlying dispute from the $349,657.22 Morgan demanded. For example, once the umpire decides on a loss amount, that number is "binding as to the amount of loss."[31] So if the umpire decides on any number less than Morgan's demanded number, Morgan will be contractually bound to a lower amount in controversy.

Similarly, some of the steps could render any umpire's appointment nugatory. For instance, if the appraisers happen to agree on the amount of the loss, the umpire never gets involved.[32] Because it's not even clear at this stage whether an umpire will be necessary, Sentry has failed to show that "the right to be protected"—appointment of an umpire—has any value at all.[33]

---

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] *Id.*

[33] *Webb*, 89 F.3d at 256; *see also Mi Realty*, 2022 WL 705861, at *3 ("[T]he umpire's anticipated valuation cannot be the measure of the amount in controversy because there is no present right to be protected or injury to be prevented." (cleaned up)). Some courts also note that the Fifth Circuit determines the amount in controversy in insurance-coverage declaratory-judgment actions based on "the value of the underlying claim." *Hartford*, 293 F.3d at 910. But similarly, in those cases, the parties can point to a concrete sum that represents the underlying dispute. *See id.* at 912 ("Lou–Con seeks $261.42 in defense costs from Hartford").

7

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Morgan's motion and **DISMISSES WITHOUT PREJUDICE** Sentry's claims for lack of subject-matter jurisdiction.

**IT IS SO ORDERED** this 21st day of July, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE